

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 3, 1958

Honorable Wm. J. Burke
Executive Director
State Board of Control
Austin, Texas

Opinion No. WW-358

Re: Authority of the 36th
Division Association of
the Texas National Guard
to erect a Monument as a
memorial to the Members
of the 36th Division
under the provisions of
Senate Bill 437 of the
55th Legislature and
House Concurrent Resolution

Dear Mr. Burke:

76 of the 54th Legislature.

You have requested an opinion from this office
concerning the interpretation of House Concurrent Resolution
76 passed by the 54th Legislature, and its present validity
since the passage of Senate Bill 437 passed by the 55th Legis-
lature. House Concurrent Resolution 76, which was passed by
the 54th Legislature, provided in part as follows:

"RESOLVED by the House of Representatives of
the State of Texas, the Senate concurring, that
the 36th Division Association be and it is hereby
authorized to erect on the Capitol grounds in
Austin, a suitable monument as a memorial to the
members of the 36th Division, Texas National
Guard, who served during World Wars I and II, the
monument to be erected under the supervision of
and at a location selected by the State Board of
Control, without any cost to the State of Texas."

You are concerned with whether or not this resolu-
tion is still in force and effect since the passage of Senate
Bill No. 437 passed by the 55th Legislature, codified as
Article 861b, Vernon's Texas Penal Code, and which Act reads
in part as follows:

"Section 1. It shall be unlawful, without the prior express consent of the Legislature, for any officer of this state or any employee thereof or any other person to construct, build, erect or maintain any building, structure, memorial, monument, statue, concession or any other structure including creation of parking areas or the laying of additional paving on any of the grounds that surrounded the State Capitol . . .

" . . .

"Sec. 5. All laws or parts of laws in conflict herewith are repealed."

Article 861b further provides that it shall be a misdemeanor for any officer or employee of this State or other person to violate Section 1 of the above mentioned article.

You have propounded to this office the following questions to be answered:

"(1) Since the authority was granted by resolution, is the authority for the erection of the monument to the 36th Division valid with the passage of S.B. #437?

"(2) Since the passage of S.B. #437 which became effective May 31, 1957, provided for prior express consent, should the 36th Division of the Texas National Guard renew its request before the Legislature and obtain a new authorization?

"(3) Since it appears that it will be some time before the 36th Division monument plans are ready for examination and the final determination of the site made, for what approximate period is the authority granted by resolution or other action of the Legislature considered effective and/or valid as it relates to the erection of monuments, etc., on the Capitol grounds?

"(4) Would the Board of Control be in violation of the provisions of S.B. #437 to permit the tentative selection of a site on the Capitol grounds with the specific understanding with the 36th Division that final approval was not to be granted for the permanent use of any site selected until after the approval of plans and specifications by the Board of Control?"

It was the purpose of the Legislature, in passing Senate Bill 437, to prevent haphazard construction of buildings, monuments and other edifices on the Capitol grounds without prior approval of the Legislature, in order that the Capitol grounds might retain their attractiveness.

It is the opinion of this office that House Concurrent Resolution 76, passed by the 54th Legislature, meets the necessary requirements as set out in Senate Bill 437. In the situation you pose, the consent has already been obtained from the Legislature. It is clearly the intent of the Legislature that consent of the Legislature be the only requirement necessary before the erection of any type of structure, and since the 36th Division has already obtained consent, it would be foolish to require them to go through the procedure again.

Further, it is the opinion of this office that the resolution passed by the 54th Legislature is still in force and effect and that the Board of Control has authority under that resolution to permit the tentative selection of a site on the Capitol grounds by the 36th Division Association of the Texas National Guard. The Board of Control, after the selection of the site, still has the right to approve the final plans and specifications of the monument to be erected by the Association.

## SUMMARY

Since the 36th Division Association of the Texas National Guard has obtained legislative consent to construct a monument on the Capitol

grounds, the requirement set out
in Article 861b of Vernon's Texas
Penal Code has been met.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Assistant

LS:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Jack Goodman

J. Mark McLaughlin

Ralph R. Rash

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert